UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

WILLIE COLLINS, an individual,
on behalf of himself and all others similarly situated,

    Plaintiff,

v.

ERIN CAPITAL MANGEMENT, LLC,
a foreign limited liability company,

    Defendant.
_____/

## CLASS ACTION COMPLAINT FOR DAMAGES

1.    Plaintiff, WILLIE COLLINS, on behalf of the putative class alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").  In sum, Defendant, ERIN CAPITAL MANGEMENT, LLC, has collected money through its state court lawsuit without first registering with the Office of Financial Regulations to collect consumer debts in the State of Florida as mandated by § 559.553 of the Florida Consumer Collection Practices Act ("FCCPA").

On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA. *LeBlanc*

*v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

Plaintiff maintains that Defendant's actions are unconscionable, immoral, and have resulted in significant financial damages to Plaintiff and the putative class. *See* Fla. Stat. § 559.785 stating that it is a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering." On behalf of the putative class, Plaintiff seeks to recover all monies illegally collected by Defendant over the past four years.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff has been sued in Volusia County and Defendants conduct business in this District.

## PARTIES

3. Plaintiff, WILLIE COLLINS, is a natural person, and citizen of the State of Florida, residing in Orange County, Florida.

4. Defendant, ERIN CAPITAL MANAGEMENT, LLC, ("ECM"), is a foreign limited liability company conducting business from offices located at 35 E. 21st Street, Fifth Floor, New York, New York 10010.

5. Defendant ECM is not registered as a "Consumer Collection Agency" as required by Florida law.

6. Defendant ECM regularly uses the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

7. Defendant ECM purchased defaulted upon credit card debts and files suit upon said debts in various Florida County Courts.

8. At all times material to the allegations of this complaint, ECM was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

10. Defendants sought to collect an alleged debt from Plaintiff arising from Plaintiff's use of a Citibank Mastercard credit card issued by and used by

Plaintiff for personal, family or household purposes, including but not limited to, the purchase of such things as clothes, groceries, personal gifts, and travel-related expenses.

11. That the original credit card issuer, Citibank, has countless offices located across the State of Florida and solicits its credit-related products to Florida consumers through a national advertising campaign.

12. On or about October 5, 2011, Defendant initiated garnishment proceedings upon Plaintiff's wages. The alleged debt at issue, according to Defendant's writ, was for $6,169.53.

13. That Florida law specifically and unequivocally states: *[a]fter January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.* Fla. Stat. § 559.553(1).

14. That based upon a diligent search of the records of the Florida Office of Financial Regulation, Defendant is not licensed to collect consumer debts in the State of Florida. See attached copy of Certificate.

15. That Plaintiff maintains that Defendant's debt collection activities taken against him over the past year were in direct violation of the FDCPA.

16. To make matter worse, Defendant was fully aware that it lacked the requisite licensure but decided to proceed with the garnishment proceedings anyway.

17. That on or about October 5, 2011, Defendant began the process of engaging in debt collection activities by filing a request for writ of continuing garnishment with the Miami-Dade clerk of Courts, and proceeded to garnish the plaintiff's wages.

18. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

19. That as a result of Defendant's action, Plaintiff has suffered actual damages in the firm of the allegedly unlawful garnishment.

## CLASS ACTION ALLEGATIONS

20. **FDCPA CLASS:** This action is brought on behalf of a class consisting of (i) all persons (ii) whom were the subject of collection activity from ECM (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) who incurred actual damages in the form of direct, indirect, voluntary, or involuntary payment (v) during the one year period prior to

the filing of the original writ of garnishment in this action through the date of certification.[1]

21. **RESTITUTION CLASS:** This action is also brought on behalf of a class consisting of (i) all persons (ii) whom were the subject of collection activity from ECM (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) who incurred actual damages in the form of direct, indirect, voluntary, or involuntary payment (v) during the four year period prior to the filing of the original writ of garnishment in this action through the date of certification.

22. Excluded from the Class(es) are Defendants, their legal representatives, assigns, and successors, and any entity in which the Defendants have a controlling interest. Also excluded from the Class is the Judge to whom this case is assigned as well as the Judge's immediate family. Plaintiff reserves the right to amend the above-stated Class definition based upon facts learned in discovery.

23. Plaintiff alleges on information and belief based upon the Defendant ECM having obtained hundreds of judgments throughout the State of Florida that the class is so numerous that joinder of all members of the class is impractical.

---

[1] The members of the putative class may be referred to herein as "the Class."

There are more than forty-one (41) individuals in the Class as previously defined herein.

24. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual and/or legal issues common to each class member are as follows:

    (a) Whether Defendant's conduct is governed by the FDCPA?

    (b) Whether Defendant's collection activities in Florida (while unregistered with the Florida Office of Financial Regulation) violated the FDCPA?

    (c) Are the class members entitled to recover actual damages from Defendant?

25. Plaintiff's claims are typical of those of the class members. All claims are based on the same facts and legal theories.

26. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

27. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

  (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

  (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

  28. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate relief with respect to the class as a whole.

## COUNT I
## FAILURE TO OBTAIN A DEBT COLLECTION LICENSE AS MANDATED BY FLA. STAT. § 559.553 AND IN VIOLATION OF 15 U.S.C. § 1692e

  29. Plaintiff, on behalf of the FDCPA Class, incorporates Paragraphs 1 through 28.

  30. Defendant ECM's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated various provisions of the Fair Debt Collection Practices Act, including the following: 15 U.S.C § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10). *See generally*,

*LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the putative FDCPA Class and against Defendant for:

a. Statutory damages;

b. Actual damages; for the total dollars unlawfully collected by ECM from the members of the FDCPA Class over the last year (plus interest);

c. An order instructing ECM to disgorge their ill-gotten monies from the FDCPA Class members;

d. Litigation expenses and costs of the instant suit; and

e. Such other or further relief as the Court deems proper.

## COUNT II
## RESTITUTION

31. Plaintiff, on behalf of the Restitution Class, incorporates Paragraphs 1 through 28.

32. Plaintiff paid money to ECM as a result of the garnishment action for a debt ECM had purchased and attempted to collect while unlicensed. By doing so, Plaintiff conferred a benefit upon ECM.

33. The members of the Restitution Class each conferred a benefit upon ECM, *i.e.*, they each made a direct, indirect, voluntary, or involuntary payment to ECM towards a debt allegedly owned by ECM.

34. ECM has knowledge of the benefit (i.e. the money paid by each respective consumer towards the alleged ECM debt).

35. ECM has accepted or retained the benefits conferred (i.e. the above-referenced payments).

36. That circumstances are such that it would be inequitable for ECM to retain the benefit without paying fair value for it.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the putative Restitution Class and against Defendant for:

    a. Actual damages; for the total dollars unlawfully collected by ECM from the members of the Restitution Class over the last four years (plus interest);

    b.      An order instructing ECM to disgorge their ill-gotten monies from the Restitution Class members;

    c.      Litigation expenses and costs of the instant suit; and

    d.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 4th day of August, 2012.

        By: s/ *Scott D. Owens*
           Scott D. Owens, Esq.
           Florida Bar No. 0597651

           SCOTT D. OWENS, ESQ.
           *Attorney for Plaintiff*
           664 E. Hallandale Beach Blvd.
           Hallandale, FL 33309
           Telephone: 954-589-0588
           Facsimile: 954-337-0666
           scott@scottdowens.com

           ERIK S. KARDATZKE, ESQ.
           *Co-counsel for Plaintiff*
           6915 Red Road, Suite 200
           Coral Gables, Florida 33143
           Telephone: 305-444-4323
           Facsimilie: 305-444-4107
           erik@debtdefenselaw.com