UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

WILLIE COLLINS, *an individual,*   Case No. 12-cv-22839-ALTONAGA/Simonton
*on behalf of himself and others
similarly situated,*

    Plaintiff,

v.

ERIN CAPITAL MANAGEMENT, LLC,
*a foreign limited liability company,*

    Defendant.

---

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

---

Plaintiff, WILLIE COLLINS, through the undersigned counsel, opposes Defendant ERIN CAPITAL MANAGEMENT LLC's instant motion and in support of said opposition, states as follows:

FACTUAL BACKGROUND

Defendant's entire motion is premised upon a patently false representation of fact. While it is true that the Defendant obtained a judgment against Plaintiff in a state court proceeding on November 8, 2006, that judgment was vacated pursuant to a hearing held before the Honorable Don S. Cohn on June 5, 2012. (Exhibit A). Defendant's motion misstates fact by stating Judge Cohn denied Plaintiff's motion. Whether counsel for the Defendant failed to adequately investigate the state court proceedings or whether she actually intended to misrepresent facts to this court is

1

irrelevant. In any event, Judge Cohn's Order speaks for itself. **The judgment against Plaintiff was vacated on October 10, 2012**, thus rendering the state court judgment of 2006 void, *ab initio*.

Defendant incorrectly states that Judge Cohn denied Plaintiff's motion to vacate. (Doc. 13, p.2) Plaintiff's Amended Complaint (Doc. 19) was filed on October 4, 2012. Defendant filed its second motion to dismiss on October 22, 2012 – *nearly two weeks after the judgment, which is the main basis for Defendant's motion to dismiss, was vacated*.[1] Consequently, Defendant's motion to dismiss does not warrant a lengthy response. As shown below, it is based on multiple misstatements of fact and should be denied in its entirety.

ARGUMENT

I. THE STATE COURT JUDGMENT IS VOID AB INITIO

According to Florida law, where a judgment is vacated or set aside, it is as though no judgment had ever been entered. *Shields v. Flinn*, 528 So.2d 967, 968 (Fla. 3d DCA 1988); *McAdam v. Thom*, 610 So. 2d 510 (Fla. 3d DCA 1992). The passage of time cannot make valid that which has always been void. *Ramagli Realty Co. v. Craver*, 121 So.2d 648, 654 (Fla.1960). That being said, no argument offered in Defendant's motion to dismiss which relates to the non-existent state court judgment has any relevance to these proceedings.

    A. THE *ROOKER-FELDMAN* DOCTRINE DOES NOT BAR PLAINTIFF'S COMPLAINT

---

[1] As there has been no appeal of the order vacating the judgment against Mr. Collins for more than thirty days, it is now a final order in all respects.

Defendant, citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009), argues the *Rooker-Feldman* doctrine "makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." While this may be true, there is no "state court final judgment." (discussed, *supra*) Accordingly, Defendant's reliance on *Rooker-Feldman* is misplaced and cannot serve as support for Defendant's motion to dismiss.

### B. THE FLORIDA RULES DO NOT BAR PLAINTIFF'S AMENDED COMPLAINT

Defendant argues that Plaintiff's amended class action complaint should be dismissed because, contrary to Florida Rule of Civil Procedure 1.540(b), plaintiff's amended complaint seeks relief from, to vacate or to set aside the Florida state court's judgment. However, as already shown, there is no state court judgment to set aside. Because there is no state court judgment to set aside, Florida Rule of Civil Procedure 1.540(b) is of no relevance here. Defendant's reliance upon it is misplaced.

### C. PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED BASED UPON *RES JUDICATA*

Defendant boldly professes Plaintiff's amended complaint should be dismissed because it is undisputed that the Florida court denied plaintiff's motion to vacate the state court judgment and to dissolve the writ of garnishment pursuant to Fla.Civ.Pro. Rule 1.540(b). This statement is quite simply wrong. The events alleged by Defendant's counsel never took place.

Res judicata applies only when there is a judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction. *Harley v. Health Center of Coconut Creek, Inc.*, 518 F.

Supp. 2d 1364 - Dist. Court, SD Florida 2007 (quoting *Atl. Shores Resort, LLC v. 507 S. St. Corp.*, 937 So.2d 1239, 1243 n. 3 (Fla. 3d DCA 2006)). Here, where there is no judgment, therefore, res judicata cannot apply.

      D.    PLAINTIFF'S AMENDED COMPLAINT SHOULD NOT BE DISMISSED BASED UPON COLLATERAL ESTOPPEL

Defendant once again claims the state court decided over plaintiff's objection that the judgment and the wage garnishment were proper, so Plaintiff's complaint should be dismissed based upon collateral estoppel. Defendant's incessant reliance upon a legal nullity is baffling. There is absolutely no truth to Defendant's contention that "the state court decided over plaintiff's objection that the judgment and the wage garnishment were proper." Surely, Defendant cannot be so confident in its misrepresentations to believe these claims could escape the Court's attention.

Nonetheless, Defendant continues to argue that if the prior judgment was rendered by a state court, then collateral estoppel of that state must be applied. However, as is the case here, collateral estoppel cannot be applied when there is no underlying state court judgment.

II.    THERE EXISTS NO REASON TO DISMISS PLAINTIFF'S FDCPA CLAIM

In addition to its reliance of false statements of fact (discussed, *supra*), Defendant offers additional argument, all of which have been soundly and consistently rejected by other courts.

      A.    PLAINTIFF'S FDCPA CLAIM IS NOT BARRED BY STATUTE OF LIMITATIONS

Defendant correctly states that the FDCPA has a one-year statute of limitations pursuant to 15 U.S.C. § 1692k(d). However, that is the only correct statement made by Defendant. Plaintiff filed his original Complaint in this action on August 4, 2012. One

year prior to August 4, 2012 was August 5, 2011. While Defendant has repeatedly pointed out that it obtained a state court judgment on November 8, 2006 (rendered void, ab initio, pursuant to the hearing held on June 5, 2012), Defendant conspicuously fails to inform the court that it instituted additional legal proceedings, in the form of a garnishment action, on October 11, 2011, <u>less than one year prior to the filing of this action</u>.

A garnishment proceeding is a "legal action" for purposes determining the statute of limitations set forth in 15 U.S.C. § 1692k(d). See, *Fox v. Citicorp Credit Services, Inc.*, 15 F. 3d 1507 (9th Cir. 1994) (the filing of an application for a writ of garnishment is a "pure legal action."). In *Fox* the Court concluded that the phrase in 15 U.S.C. § 1692i reaching "any legal action on a debt" encompasses all judicial proceedings, including those in enforcement of a previously adjudicated right. *Fox*, 15 F.3d at 1517. Fox is exactly on point, [in] conclud[ing] that a writ of garnishment is a "legal action on a debt" within the purvey of the FDCPA. *Blakemore v. Pekay*, 895 F. Supp. 972 (ND Ill. 1995).

This case is directly on point with *Blakemore*:

*Defendants argue that Plaintiff Holloway's claim is barred by the one year statute of limitations contained in 15 U.S.C. § 1692k(d). Holloway admits that this action was brought more than one year after the collections action was brought against him in June of 1993. However, Holloway argues that his claim is valid because Pekay instituted "legal action on a debt" within the one year limitations period by filing two Affidavits for Wage Deduction Orders within the one year period.*

\* \* \*

*This court concludes that Pekay's Affidavits for Wage Deduction Orders are "legal action[s] on a debt."*

\* \* \*

5

> *Thus, this action falls within the one year limitations period for both of the Affidavits, which were both filed improperly in Cook County. The action is not time barred, and Holloway may proceed with the action.*

Here, Defendant instituted garnishment proceedings (a "legal action") against Plaintiff on October 11, 2011, less than one year prior to the filing of this complaint. A garnishment proceeding is a legal action as contemplated in 15 U.S.C. § 1692i, the institution of which begins the running of the one year statute of limitations set out in 15 U.S.C. § 1692k(d). This action is timely brought. The Plaintiff's claim is not barred.

B. THE FDCPA IS NOT A COMPULSORY COUNTERCLAIM TO A STATE COURT ACTION.

Defendant makes a broad, unsupported claim that Count I should be dismissed because Plaintiff's claim it is a compulsory counterclaim under Florida law. However, Defendant offers no authority to support its conclusion that an FDCPA claim is a compulsory counterclaim. That is because there is none.

Even assuming, *arguendo*, that a valid state court action existed, it is well-settled law that an FDCPA claim is not a compulsory counterclaim to an underlying suit to recover on an alleged debt. An FDCPA claim concerns the method of collecting the debt. It does not arise out of the transaction creating the debt, and thus was not a compulsory counterclaim under state law in the action to collect the debt. *Azar v. Hayter*, 874 F. Supp. 1314 (ND Fla. 1995); Other courts have also held that collection claims and FDCPA claims do not arise out of the same set of operative facts. See, e.g., *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1997); *Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1137 (8th Cir.1981) ("Although there is some overlap of issues raised in both cases as a result of the defenses raised in the state action, the suit on the debt

brought in state court is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts."); *Sparrow v. Mazda Am. Credit*, 385 F.Supp.2d 1063, 1068-69 (E.D.Cal.2005). Accordingly, the Court should find that Plaintiff's FDCPA claim is not a compulsory counterclaim.

   C. <u>DEFENDANT'S UNLICENSED COLLECTION ACTIVITY (E.G., LEGAL ACTION IN THE FORM OF GARNISHMENT PROCEEDINGS) HAS BEEN HELD TO VIOLATE 15 U.S.C. § 1692E</u>

Defendant's attempt to persuade this Court that *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) has no relevance here should be disregarded. Unifund CCR Partners, like the Defendant, Erin Capital Management, LLC, is a debt collector for purposes of the FDCPA. The question before the Court in *Unifund* was identical to the issue presented herein:

> *As a matter of first impression in our Circuit, we consider whether a federal cause of action pursuant to Section 1692e of the FDCPA for threatening to take an action that cannot legally be taken is cognizable when premised upon <u>failure to register as a consumer collection agency</u> as required by state law, namely, Section 559.553 of the FCCPA.* <u>Id.</u>, at 1190. (emphasis added)

Irrespective how the Defendant wishes to spin the facts, *Unifund* is directly on point. Both are debt collectors who viewed themselves above the law, openly defying the laws of this State by refusing to register as a consumer collection agency prior to engaging in the collection of consumer debt. This case is no more complicated than that. The Court in *Unifund* reached the proper conclusion; the same conclusion which Plaintiff respectfully suggests this Court should make:

> *We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.*

Because a failure to register as a debt collector in this state may support a federal cause of action under Section 1692e(5) of the FDCPA, and because the Plaintiff has clearly and unambiguously so pled, Defendant's motion to dismiss should be denied.

## CONCLUSION

Based upon the foregoing, and the other pleadings and papers before the court, Plaintiff respectfully requests that Defendant's motion to dismiss be denied in its entirety and that Defendant be instructed to respond to Plaintiff's Amended Complaint forthwith.

Respectfully submitted,

*/s/ Scott D. Owens*
SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Phone 954-589-0588
Fax    954-337-0666
scott@scottdowens.com
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 15, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

        Respectfully submitted,

        */s/ Scott D. Owens*
        SCOTT D. OWENS, ESQ.