UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

WILLIE COLLINS, an individual, on )
behalf of himself and others similarly )
situated, )
                                               )
    Plaintiff, )
                                               )    Case No. 1:12-cv-22839-CMA
v. )
                                               )
ERIN CAPITAL MANAGEMENT, LLC, )
a foreign limited liability company, )
                                              )
    Defendant.

**PLAINTIFF'S *UNOPPOSED* SUPPLEMENTAL MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ENTITLEMENT TO PLAINTIFF'S ATTORNEY'S FEES AND INCENTIVE AWARD FOR CLASS REPRESENTATIVE**

      Plaintiff, WILLIE COLLINS ("Plaintiff"), hereby requests that this Court enter an Order awarding attorneys' fees pursuant to the terms of the Settlement Agreement reached with Defendant, ERIN CAPITAL MANAGEMENT, LLC ("Erin Capital"). In support of his motion, Plaintiff states:

      1.     This case arises from Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA").

      2.     Pursuant to the Settlement Agreement filed with this Court on December 16, 2013 [ECF No. 132-1], it was agreed that Plaintiff's counsel was to be paid attorney's fees in the amount of $54,000, distributed in three (3) equal installments every forty-five (45) days, with the first payment to be made within this Court's approval of the settlement.

3. The eighty-two (82) members of the Class stand to recover $365.85 dollars each if this Court grants final approval of the settlement.

4. The agreed upon attorneys' fees represent only 72% percent of the $74,375.00 dollars in fees actually incurred by Plaintiff in this matter *as of November 1, 2013* – this amount was arrived at during arm's length negotiations with opposing counsel and only after the class claim had already been settled.[1]

5. To date, the out-of-pocket costs incurred by Plaintiff are $3,872.42 dollars.[2]

6. Paragraph 16 of the Settlement Agreement states that Defendant agrees to and shall pay Plaintiff's costs and reasonable attorney fees, as described in Paragraph 9(c). Even though amount described does not fully represent Plaintiff's *reasonable* attorney fees (in ¶ 3 above), it does represent an amount to which the parties agreed.

7. Plaintiff submits the attached Declaration of Scott D. Owens ("Owens Decl." attached hereto as **Exhibit A**) and Declaration of James S. Giardina ("Giardina Decl." attached hereto as **Exhibit B)** in support of Plaintiff's motion for entitlement to attorney's fees.

8. Plaintiff Willie Collins seeks an incentive award of $1,500.00 dollars in addition to his statutory damages of $1,000.00 dollars.

---

[1] Based upon an estimated minimum of 50 hours of additional work incurred since November 1, 2013, Plaintiff's counsel's effective hourly rate calculates to approximately $207.00 dollars per hour.

[2] Some of the costs have been reimbursed; the outstanding costs are more thoroughly explained in the Declaration of Scott D. Owens attached hereto as **Exhibit A**.

## MEMORANDUM OF LAW

### I. The legislative purpose of the FDCPA.

In 1977, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA prohibits, *inter alia,* debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. The FDCPA provides for a civil cause of action to enforce its provisions, with debt collectors who violate the Act liable for actual damages, statutory damages up to $1,000, and reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a)(1)-(3)).

The FDCPA was enacted as a broad remedial statute designed to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices. *See, e.g.,* 15 U.S.C. §§ 1692b (governing the acquisition of location information), 1692e (prohibiting misleading or deceptive practices). The FDCPA does not ordinarily require proof of intentional violation, and is generally described as a strict liability statute. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939, 948 (9th Cir. 2011).

## II. Plaintiff has recovered significant statutory damages for the Class.

Many FDCPA class actions have been approved wherein the damages recovered on behalf of the Class are relatively small. *See Jancik v. Cavalry Portfolio Services, LLC*, Not Reported in F.Supp.2d, 2007 WL 1994026 at *11 (D. Minn. 2007) (certifying a class where potential recovery for class members was only $6.94); *Nichols v. Northland Grps., Inc.,* Nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 WL 897867, at *11 (N.D.Ill. Mar. 31, 2006) (certifying a class with potential recovery of only $13.40 per class member); *see also, Weber v. Goodman,* 9 F.Supp.2d 163, 171 (E.D.N.Y. 1998) (certifying a class where recovery for individual class members would be less than $2, noting that it was illogical that defendants would be subject to a class action lawsuit if they "had sent fewer allegedly unlawful letters"); *Abels v. JBC Legal Group,* 227 F.R.D. 541, 547 (N.D.Cal.2005) (finding that class litigation would be superior despite a finding that the class members might each only receive $0.25 in damages); *Hicks v. Client Services, Inc.*, 257 F.R.D. 699 (S.D. Fla. 2009) (certifying FDCPA class action wherein maximum recovery per class member would be $1.24).

In the present matter, no individual cases have ever been filed against Defendant for its allegedly unlawful debt collection activities. Even if there had been, "[t]here is no guarantee, however, that the maximum statutory damages [would] be awarded." *Leone v. Ashwood Financial, Inc.*, Not Reported in F.Supp.2d, 2009 WL 1312868 (E.D.N.Y. 2009). This Court has previously found that Class members were precluded from recovering the money garnished from them (i.e., actual damages) in the present matter [ECF No. 112]. Hence, the maximum damages in any individual case would be $1,000 dollars. 15 U.S.C. § 1692k(a)(2)(A). Ultimately, the eighty-two (82) members of

the Class will recover $365.85 dollars each, which Plaintiff maintains is a significant recovery in a FDCPA class action. This is because in a class action context, the class members are restricted to the lesser of $500,000 dollars or 1% percent of the net worth of Defendant. 15 U.S.C. § 1692k(a)(2)(B); *see also, Warcholek v. Medical Collections System, Inc.*, 241 F.R.D. 291, 295 (N.D. Ill. 2006) ("Assuming that there are 100 class members, Medical Collections would have to have a net worth of $10 million dollars for each class member to be able to recover the statutory maximum of $1,000"); *Cf. Weber v. Absolute Collection Serv., Inc.,* Case No. 3:11–cv–1 150–J–34J BT, 2012 WL 4792458 *1 (M.D.Fla. Aug.27, 2012) (recommending that the Court award $250 in statutory damages for single FDCPA violation) (adopted by *Weber v. Absolute Collection Serv., Inc.,* 2012 WL 4792511 (M.D.Fla. Oct.9, 2012)); *Montgomery v. Florida First Fin. Group, Inc.,* Case No. 6:06–cv–1639–Orl–31 KRS, 2008 WL 3540374 *10 (M.D.Fla. Aug.12, 2008) (finding that $500 statutory award was appropriate for calling Plaintiff's family members on more than one occasion and telling them there was a warrant for Plaintiff's arrest, calling Plaintiff a "liar" on the telephone and threatening to arrest Plaintiff—was clearly intentional and clearly a violation of the FDCPA).

### III.  Plaintiff is entitled to recover his reasonable attorney's fees.

The award of attorney's fees to a successful plaintiff is "a means of fulfilling Congress' intent that the [FDCPA] should be enforced by debtors acting as private attorneys general." *Armstrong v. Rose Law Firm, P.A.*, Civ. No. 00–2287 (MJD/SRN), 2002 U.S. Dist. LEXIS 16867, at *3–4, 2002 WL 31050583 (D.Minn. Sept. 4, 2002). "[C]ourts have discretion in calculating reasonable attorney's fees under [the FDCPA]." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S.Ct. 1605, 1621 (2010)

"The burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984)). If the fee applicant satisfies this burden, the burden shifts to the other party to offer evidence that sets forth "a good reason why a lower rate is essential." *Id.* (internal quotation and citations omitted).

Though the Federal Trade Commission ("FTC") is empowered to enforce the FDCPA, 15 U.S.C. § 1692l, Congress encouraged private enforcement by permitting aggrieved individuals to bring suit as private attorneys general. *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir. 2008). Prevailing plaintiffs, including class members, are entitled to actual damages, statutory damages, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The awarding of such fees to prevailing FDCPA plaintiffs is mandatory. *In re Martinez,* 266 B.R. 523, 537 (Bankr. S.D. Fla.), *aff'd,* 271 B.R. 696 (S.D. Fla. 2001) (noting that attorney's fees under the FDCPA should not be construed as a special or discretionary remedy, " 'rather the [FDCPA] *mandates* an award of attorney's fees as a means of fulfilling Congress' intent that the [FDCPA] should be enforced by debtors acting as private attorneys general.' ") (emphasis in original)( *quoting Graziano v. Harrison,* 950 F.2d 107, 113 (3d Cir. 1991)). *Accord Emanuel v. American Credit Exchange,* 870 F.2d 805, 809 (2d Cir. 1989); *Edwards v. National Business Factors, Inc.,* 897 F.Supp. 458, 459 (D.Nev. 1995).

In the matter *sub judice*, the fee application is not opposed by Defendant (as reflected by the fact it was the result of arm's length negotiations between the parties)

and no Class members have filed any objections to the Settlement Agreement. *See* **Exhibit C** attached hereto. Other courts have noted that the absence of objections weighs in favor of awarding the requested fees. *See In re Sterling Fin. Corp. Sec. Class Action,* MDL 1879, 2009 WL 2914363, at *2 (E.D.Pa. Sept.10, 2009) (Stengel, J.) (where there were only two objections to the fee request, this factor weighed strongly in favor of approving the requested fee award); *Boone v. City of Philadelphia,* 668 F.Supp.2d 693, 713 (E.D.Pa.2009) (McLaughlin, J.) (where there was just one objection to the proposed attorneys' fees, this weighed in favor of approving the requested fees); *In re Auto. Refinishing Paint Antitrust Litig.,* MDL No. 1426, 2008 WL 63269, at *4 (E.D.Pa. Jan.3, 2008) (Surrick, J.) ("A lack of objections demonstrates that the Class views the settlement as a success and finds the request for counsel fees to be reasonable."); *In re Linerboard Antitrust Litigation*, Not Reported in F.Supp.2d, 2004 WL 1221350, at *5 (E.D.Pa. June 02, 2004) ("The absence of objections supports approval of the Fee Petition.").

### IV. The fees in this case are reasonable.

"If [ ] money paid to the attorneys is entirely independent of money awarded to the class, the Court's fiduciary role in overseeing the award is greatly reduced, because there is no conflict of interest between attorneys and class members." *McBean v. City of New York,* 233 F.R.D. 377, 392 (S.D.N.Y. 2006). In this litigation, the fees were negotiated separately from the settlement to the Class. [Owens Decl. ¶ 22]. Additionally, pursuant to the terms of the Settlement Agreement, counsel for the Class agreed to receive his fees on a payment plan as opposed to the Class which is to recover money damages immediately following the final fairness hearing. [ECF No. 132-1]. Hence, the

attorney's fees to be awarded, whatever the amount, will in no way diminish the benefit to the Class under the Settlement Agreement, which this Court has already found fair, reasonable, and adequate. [ECF No. 133]. In *DeGraff v. SMA Behavioral Health Srvcs., Inc.*, the court noted:

> *Although the parties did not submit detailed time sheets for Plaintiff's counsel, the Court notes this case has been ongoing for over seven months and finds, based upon its own experience, knowledge of market rates, and this case, the amount of fees agreed upon by the parties is reasonable. ... Moreover, the amount of attorney fees is not unreasonable on its face and further scrutiny appears unnecessary.*

945 F.Supp.2d 1324, 1329 (M.D. Fla. 2013) (internal citations omitted); *see also, Hernandez v. Avalon Group Southeast, LLC*, Not Reported in F.Supp.2d, 2012 WL 4052351, at *3 (M.D. Fla. 2012) (finding the amount of fees agreed upon by the parties "within the range of reason" without documentation or testimonial support); *King v. My Online Neighborhood, Inc.,* Not Reported in F.Supp.2d, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) ("[A]n in depth analysis [of the reasonableness of attorney fees] is not necessary unless the unreasonableness is apparent from the face of the documents.").

In order for a plaintiff to meet this burden regarding reasonable attorney's fees, he/she may produce "either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates." *Duckworth v. Whisenant*, 97 F.3d 1393, 1395 (11th Cir. 1996). The district court may also rely upon its own knowledge and experience concerning the rates charged by comparable attorneys. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and

experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses as to value.").

In the present matter, the undersigned counsel has testified that he has spent more than two hundred (200) hours investigating and litigating this matter. [Owens Decl. ¶ 19]. Plaintiff's litigation file has been reviewed by another attorney admitted in this district, James S. Giardina, who is experienced in matters of the FDCPA. [Giardina Decl. ¶ 3]. Mr. Giardina has opined that the hours expended and billing rates were reasonable [Giardina Decl. ¶ 3] and that "the sum of $54,000.00 requested would be a reasonable attorney's fee to award Mr. Owens" [Giardina Decl. ¶ 4] as well as the request fee being "somewhat low" for this type of litigation. [Giardina Decl. ¶ 5]. Furthermore, the electronic docket consists of at least one hundred thirty-seven (137) entries over a time frame of approximately twenty-two (22) months. The prosecution was contested at every turn in this matter and settlement of this class action only took place hours before the empanelling of a jury. By way of comparison, Plaintiff would direct this Honorable Court to the matter of *Rigney v. Livingston Financial, LLC*, Case No. 6:12-cv-00617-RBD-TBS (filed: M.D. Fla. April 23, 2012). In *Rigney*, the matter was completely uncontested by Defendant and the cases was settled by docket entry number forty-five (45). The Court ultimately approved the settlement agreement (awarding $15,000 dollars in attorney's fees) - based solely upon the in court testimony of Plaintiff's counsel - finding that "[a]lthough Class Counsel has not provided affidavits as to his precise rates and hours, I find that $15,000 is reasonable for the services rendered here."[3] *Id.* at [ECF No. 61]; *see*

---

[3] *Id.* ("He estimated that he has spent 70 to 80 hours on this case which results in an effective hourly rate of $187.50 to $214.29."). In the present matter, the effectively hourly rate sought by Plaintiff's counsel is approximately $207.00 dollars per hour.

*also*, [ECF No. 64]. Moreover, as further explained herein, there are no objections to the requested fee award. For these reasons, Plaintiff maintains that the requested fee award is more than reasonable.

> **V.    Mr. Collins's service to the Class warrants an incentive award.**

Although "the Eleventh Circuit has not expressly set forth guidelines for courts to use in determining incentive awards, there is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action." *Allapattah Servs., Inc. v. Exxon Corp.,* 454 F.Supp.2d 1185, 1218 (S.D.Fla.2006). " 'Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.' " *Ingram v. Coca–Cola Co.,* 200 F.R.D. 685, 694 (N .D.Ga.2001) (quoting *In Re S. Ohio Corr. Facility,* 175 F.R.D. 270, 272 (S.D.Ohio 1997)). "Incentive awards serve an important function, particularly where the named plaintiffs participated actively in the litigation." *Allapattah,* 454 F.Supp.2d at 1218 (internal citation omitted).

In the present case, both the incentive award and the attorney's fees were negotiated after the class fund had already been established. Moreover, the requested incentive award is well within the range of those found reasonable in other FDCPA cases. *See, e.g., Gross v. Wash. Mut. Bank,* No. 02 CV 4135, 2006 WL 318814, at *6 (E.D.N.Y. Feb.9, 2006) (approving $5,000 incentive award); *Orloff v. Syndicated Office Sys., Inc.,* No. Civ. A. 00–CV–5355, 2004 WL 870691, at *7 (E.D.Pa. Apr.22, 2004) (same); *Bonnett v. Educ. Debt Servs., Inc.,* No. 01–6528, 2003 WL 21658267, at *7 (E.D.Pa. May 9, 2003) (approving $4,000 incentive award); *Smith v. First Union Mortgage Corp.,* 1999 WL 1081362 (E.D.Pa. Dec.1, 1999) (approving an incentive award of $7,500 to two class

representatives in an FDCPA class action settlement). In the matter at bar, Mr. Collins expended a significant amount of time in attaining benefits to the Class, including but not limited to, driving to Miami (from the Orlando area) to attend a deposition; participating in a mediation (telephonically); maintaining contact with his attorneys throughout the litigation; and responding to numerous discovery requests. Accordingly, Plaintiff requests that his application for an incentive award be approved.

## CONCLUSION

WHERFORE, based upon the reasons stated herein, Plaintiff requests that, pursuant to 15 U.S.C. § 1692k(a)(2)(3) and the Settlement Agreement executed by the parties [ECF No. 132-1], this Honorable Court: (1) ratify the aforesaid Agreement by entering a Final Judgment in accordance with the terms of same; (2) award Plaintiff's counsel reasonable attorneys' fees in the amount of $54,000.00 dollars and costs in the amount of $2,759.82 dollars; and (3) award Plaintiff Willie Collins statutory damages in the amount of $1,000.00 dollars as well as an incentive award in the amount of $1,500.00 dollars for his service to the Class.

Respectfully submitted,

/s/ Scott D. Owens
SCOTT D. OWENS, ESQ.
Florida Bar No. 0597651
664 E. Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Tel:   954-589-0588
Fax:   954-337-0666
scott@scottdowens.com

*Attorney for Plaintiff and the Class*

## CERTICATION OF CONFERRAL

I hereby certify, pursuant to Local Rule 7.1(a)(3), that I have conferred with Defendant's counsel regarding the relief requested herein, and said counsel does not oppose this motion.

By: */s/ Scott D. Owens*
   SCOTT D. OWENS, Esq.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Scott D. Owens*
   SCOTT D. OWENS, Esq.