UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-22839-CIV-ALTONAGA

**WILLIE COLLINS**,

      Plaintiff,
vs.

**ERIN CAPITAL MANAGEMENT, LLC**,

      Defendant.
_____/

## ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

**THIS CAUSE** came before the Court at a fairness hearing [ECF No. 139], held on June 11, 2014, to determine final approval of the fairness and reasonableness of the proposed Class Settlement Agreement ("Agreement") [ECF No. 132-1], filed with the parties' Joint Motion for Preliminary Approval of Class Settlement [ECF No. 132] on December 16, 2013; and Plaintiff's Unopposed Supplemental Motion . . . ("Motion") [ECF No. 138], filed June 9, 2014.

Being fully advised, it is

**ORDERED AND ADJUDGED** as follows:

1.     The Motion **[ECF No. 138]** is **GRANTED**.

2.     The Agreement **[ECF No. 132-1]** is **APPROVED** as follows:

      a. The Court approves the distribution of the notice to the class as provided for in the December 20, 2013 Order [ECF No. 133], and finds such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

      b. The Court approves the Class, as defined in the December 20 Order, as

   certified for settlement purposes. The total number of class members is eighty-two (82). Notice was sent by first class mail to those 82 persons at their last known mailing addresses using accessible contact information. USPS returned no undeliverable Notices to the settlement administrator, First Class, Inc., which contained forwarding addresses provided by USPS. No class members lodged objections to the Settlement. From a total of 82 class members, none has chosen to opt out of the Settlement.

  c. The Court finds the Agreement is fair, reasonable, and adequate to the Class. The parties are directed to implement the Agreement in accordance with its terms.

3. Plaintiff, Willie Collins shall receive an incentive award of $1,500.00 in addition to his statutory damages of $1,000.00. Plaintiff's counsel shall be paid attorney's fees in the amount of $54,000.00, distributed in three (3) equal installments every forty-five (45) days. The eighty-two (82) members of the Class shall receive $365.85 each, distributed as set forth in the Agreement. Plaintiff shall recover his costs in the amount of $2,759.82.

4. Pursuant to the Agreement, on the Effective Date, Defendant shall provide Plaintiff's counsel with a check in the amount of $32,500, to be distributed in accordance with the terms of the Agreement. Within 10 days of the entry of this Order, Defendant shall provide Plaintiff's counsel with a check in the amount of $20,759.82, as reimbursement for Plaintiff's costs and the first installment toward Plaintiff's attorney's fees. The second installment of $18,000 will be paid to Plaintiff's counsel within 45 days of the first payment, and the third installment of

    $18,000 will be paid to Plaintiff's counsel within 45 days of the second payment.

5. Within 30 days following the last void date of the Class members' checks, any uncashed checks or undistributed funds will be paid by Plaintiff's counsel to Legal Aid Services of Broward County, Inc. as a *cy pres* award.

6. Except as to any individual claim of those individuals who have timely and effectively requested exclusion from the Class under the Agreement, if any, the Court dismisses with prejudice this action, all claims contained therein, and all Released Claims against Released Parties as defined in the Agreement.

7. The parties are to bear their own costs, except as otherwise provided in this Order.

8. The Class Representative and all Class Members who have not timely and effectively requested exclusion from the Class shall be deemed to have and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims, as defined in the Agreement.  The Class Representative and all Class Members (and the successors and assigns of any of them) who have not timely and effectively requested exclusion from the Class are permanently barred and enjoined from instituting or prosecuting as against the Defendant or Defendant's Related Parties, either directly or indirectly or in any other capacity, any and all claims that were or could have been asserted in the present action, or any other action or proceeding, that relate to the Defendant's attempts to collect debts from the Class Representative or Class Members during the one year period prior to filing the Complaint in this action (i.e., from August 4, 2012).

9. Nothing herein shall alter, amend, or terminate the rights of the Defendant and its clients to collect any balance (including, but not limited to, principal, interest,

attorney's fees, and other costs and charges) allegedly owed by any Class Member, for any debt. Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which the Defendant and its clients may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which the Defendant and its clients may have against any or all Class Members or any other person or entity. Nothing herein shall otherwise void or abrogate the contractual obligations of any Class Member nor impair or limit any right or cause of action by the Class Representative or the Class to dispute the underlying debt or amount owed to the Defendant.

10. The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against the Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

11. The Court retains jurisdiction for the purposes of enforcing the Agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of June, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record